Linda Nicholson, Respondent, v
against
Bhupandra Wagley, M.D., Appellant. Appellate Term Docket No. 2016-00254 K C
Lower Court # CV 57218-11 James W. Tuffin, Esq., for appellant. Linda Nicholson, respondent pro se.



Appeal from an order of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered June 18, 2015. The order granted plaintiff's motion to transfer the action to the Supreme Court, Kings County, and, in effect, held in abeyance defendant's motion to dismiss the complaint or for other relief pending the transfer of the action to the Supreme Court.




ORDERED that, on the court's own motion, so much of the notice of appeal as is from the portion of the order that, in effect, held in abeyance defendant's motion to dismiss the complaint or for other relief is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CCA 1702 [c]); and it is further,
ORDERED that the order is reversed, without costs, plaintiff's motion to transfer the action to the Supreme Court, Kings County, is denied, that portion of the order which, in effect, [*2]held in abeyance defendant's motion to dismiss the complaint or for other sanctions is vacated, and the matter is remitted to the Civil Court for a determination of defendant's motion.
Plaintiff commenced this action in the Civil Court, Kings County, in 2011, stating, in the endorsed complaint, that she sought to recover the principal sum of $25,000 based on defendant's alleged medical malpractice. In January 2012, defendant served an answer denying liability and included therewith a demand for a bill of particulars and a number of discovery demands. In November 2014, defendant moved, pursuant to CPLR 3042 (d) and 3126, for an order dismissing the complaint based on plaintiff's failure to respond to defendant's demand for a bill of particulars and various discovery demands, or, in the alternative, for an order of preclusion or such other relief as the court might order. Plaintiff did not oppose defendant's motion but, instead, moved in the Civil Court for a transfer of the action to the Supreme Court, Kings County, asserting that the action had been commenced in the Civil Court by mistake, as there was a reasonable likelihood that her damages would exceed the $25,000 monetary jurisdictional limit of the Civil Court. The Civil Court granted plaintiff's motion and, in effect, held in abeyance the determination of defendant's motion pending such transfer.
As the Civil Court lacked the authority to transfer to the Supreme Court a matter over which it had jurisdiction (see NY Const, art VI, § 19 [f]; see also Sirota v Sirota, 168 Misc 2d 123 [App Term, 2d Dept, 2d & 11th Jud Dists 1996]), the court erred in granting plaintiff's motion (cf. CPLR 325 [a], [b]). In view of the foregoing, the Civil Court should have determined defendant's motion.
Accordingly, the order is reversed, plaintiff's motion to transfer the action to the Supreme Court is denied, and the matter is remitted to the Civil Court for a determination of defendant's motion. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017